IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

J.C. OTIS COLLINS                                                                                                PLAINTIFF

v.                                             Civil No. 4:13-cv-04118

MR. MITCH,
*Supervisor of River Ridge Treatment Center*                                      DEFENDANT

**REPORT AND RECOMMENDATION
OF A UNITED STATES MAGISTRATE JUDGE**

Before the Court is Plaintiff's Motion for Service. ECF No. 1. The Court previously granted Plaintiff's Motion for Leave to Proceed *In Forma Pauperis*. ECF No. 5. Plaintiff's Motion for Service is now ripe for consideration.

**1.   Background:**

Plaintiff originally filed his complaint in this matter on December 9, 2013. ECF No. 1. Because Plaintiff's claims as stated in his complaint were ambiguous, the Court directed Plaintiff to complete a questionnaire as an addendum to his complaint. ECF No. 6.

Plaintiff completed this addendum and filed it on February 14, 2014. ECF No. 10. The Court will now consider Plaintiff's original complaint and the addendum.[1]

**2.   Applicable Law:**

Pursuant to 28 U.S.C. § 1915(e)(2) (1996), a federal court may dismiss an *in forma pauperis* action "at any time if the court determines that . . . the action . . . is frivolous or malicious . . . fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief."

---

[1] Plaintiff also changed his damages request from $10,000 to $50,000. ECF No. 11. To the extent that is relevant, the Court will also consider Plaintiff's amended damages request.

3.    **Discussion:**

In the present action, Plaintiff seeks damages for defamation and privacy violations against an employee of River Ridge Treatment Center, a private rehabilitation facility. ECF Nos. 1, 10. His claims arise from his treatment at River Ridge Treatment Center. *Id.*

There are two problems with this case proceeding in federal court. First, it appears Plaintiff raises only state law claims, and Plaintiff has not demonstrated that there is either a federal question or diversity of citizenship which would provide the Court with subject matter jurisdiction over this case. *See* 28 U.S.C. §§ 1331-1332.

Second, even assuming Plaintiff does raise a claim under 42 U.S.C. § 1983, which would provide federal question jurisdiction, Plaintiff is still not entitled to relief. As stated above, Plaintiff seeks damages for (1) defamation and (2) a privacy violation. A defamation claim is clearly not actionable under 42 U.S.C. § 1983. *See Paul v. Davis,* 424 U.S. 693, 710-12 (1976) (holding injury to reputation alone cannot support a claim for deprivation of liberty interest without an accompanying alteration of legal status or right). It is possible a claim for a violation of privacy is actionable under 42 U.S.C. § 1983. *See Van Zee v. Hanson,* 630 F.3d 1126, 1128 (8th Cir. 2011) (acknowledging a cause of action under 42 U.S.C. § 1983 for a Fourteenth Amendment right to privacy violation).

However, even to the extent Plaintiff could raise a claim for relief under 42 U.S.C. § 1983 for a violation of privacy, he is not entitled to recover under this provision because this lawsuit is against a private individual who is employed by a private rehabilitation center. Generally, a private actor is not liable under 42 U.S.C. § 1983 unless there has been some demonstration of conspiracy between the private actor and a state actor. *See Dossett v. First State Bank,* 399 F.3d 940, 951 (8th

Cir. 2005) (holding "[u]nder § 1983, a plaintiff must establish not only that a private actor caused a deprivation of constitutional rights, but that the private actor willfully participated with state officials and reached a mutual understanding concerning the unlawful objective of a conspiracy"). Here, there has been no demonstration of any conspiracy. Thus, absent a conspiracy, this private actor is not subject to liability under 42 U.S.C. § 1983.

Accordingly, Plaintiff has provided no basis for liability against River Ridge Treatment Center or any of its employees under 42 U.S.C. § 1983.

**4. Conclusion:**

Based upon these findings, the Court recommends Plaintiff's case be **DISMISSED,** and Plaintiff's Motion for Service (ECF No. 1) be **DENIED.**

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.** *See Thompson v. Nix*, **897 F.2d 356, 357 (8th Cir. 1990).**

**ENTERED** this **20th day of February 2014.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE